## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Kimberly Lowry, on behalf of herself and the Putative Class, | ) ) ) | Case No. 21-cv-2189 |
| Plaintiff, | ) ) ) | **NOTICE OF REMOVAL** |
| vs. | ) ) | |
| City of Minneapolis, a municipal corporation, Minneapolis Public Housing Authority, in and for the City of Minneapolis, a body corporate and politic, Community Housing Resources, a non-profit corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants Minneapolis Public Housing Authority ("MPHA") and Community Housing Resources ("CHR"), through their counsel, Gordon Rees Scully Mansukhani, LLP and Quinlivan & Hughes, P.A., pursuant to 28 U.S.C. §§ 1331, 1441(a), 1453(b) and 1446, hereby remove this lawsuit from the District Court of Hennepin County to the United States District Court for the District of Minnesota. In support of this Notice of Removal, MPHA and CHR respectfully submit the following:

1.     On September 7, 2021, Plaintiff Kimberly Lowry commenced this action in the District Court of Hennepin County entitled *Kimberly Lowry, Plaintiff, on behalf of herself and the Putative Class, Plaintiff, v. City of Minneapolis, a municipal corporation, Minneapolis Public Housing Authority, in and for the City of Minneapolis, a body corporate politic, Community Housing Resources, a non-profit corporation, Defendants*, case number 27-cv-21-10928.  Plaintiff served MPHA and CHR with a copy of the

1

Complaint on September 7, 2021.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

2.      The Complaint alleges that MPHA and CHR are subject to "[f]ederal regulations" including 24 C.F.R. § 5.703(g) which require them to "'comply' with and 'adhere' to state and local housing and maintenance codes," and that MPHA and CHR are therefore subject to, and have violated, certain provisions of the Minneapolis Housing Maintenance Code requiring rental dwelling licenses for public housing.  *See, e.g.*, Exh. A, Complaint, ¶¶ 24-26 (citing to 24 C.F.R. § 5.703(g) and *Marable v. City of Minneapolis et al.*, No. A19-1558, 2020 WL 2312940, at *5 (Minn. Ct. App. May 11, 2020)).

3.      On September 28, 2021, MPHA and CHR filed and served an Answer to the Complaint.   A true and correct copy of MPHA and CHR's Answer is attached as **Exhibit B**.

4.      On September 28, 2021, the City of Minneapolis filed and served an Answer to the Complaint.   A true and correct copy of City of Minneapolis' Answer is attached as **Exhibit C**.

5.      A true and correct copy of all other filings in this action to date are attached as **Exhibit D**.

6.      MPHA and CHR have conferred with and obtained consent from the City of Minneapolis to remove this action.

7.      Under 28 U.S.C. § 1331, 1441(a) and 1453(b), MPHA and CHR may remove this action without regard to whether any Defendant is a citizen of Minnesota as this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.  The Plaintiff's

claims raise a federal issue that is actually disputed and substantial, and which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363 (2005). Specifically, the Complaint raises the federal question of whether "[f]ederal regulations," including 24 C.F.R. § 5.703(g), require MPHA and CHR to "'comply' with and 'adhere' to" state and local codes and the rental dwelling license requirements of the Minneapolis Housing Maintenance Code. MPHA and CHR dispute and deny that federal regulations require them to "'comply' with and 'adhere' to" the rental dwelling license requirements of the Minneapolis Housing Maintenance Code as suggested by the Plaintiff. This case therefore presents a federal question under 28 U.S.C. § 1331.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of Minnesota, as a substantial part of the alleged events giving rise to the Plaintiff's claims purportedly occurred within this judicial district.

9. Further, pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is properly directed to this Court, as the United States District Court for the District of Minnesota is the District Court embracing the District Court of Hennepin County, Minnesota, where Plaintiff's Complaint is currently pending.

10. Pursuant to 28 U.S.C. § 1446(b), removal is timely because this Notice is being filed within 30 days of September 7, 2021, when MPHA and CHR were first served with the Complaint.

11.     As required by 28 U.S.C. § 1446(d), MPHA and CHR has issued written notice of the filing of this Notice of Removal to Plaintiff Lowry and Defendant City of Minneapolis, through counsel, and MPHA and CHR has filed this Notice of Removal with the District Court of Hennepin County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1391, 1441, and 1446, Defendants MPHA and CHR, respectfully give notice that the above action, now pending against it in the District Court of Hennepin County is removed to the United States District Court for the District of Minnesota.

Respectfully submitted,

QUINLIVAN & HUGHES, P.A.

Dated: 10/05/2021          **/s/ Kenneth H. Bayliss**
                           Kenneth H. Bayliss #157569
                           Quinlivan & Hughes, P.A.
                           P.O. Box 1008
                           St. Cloud, MN  56302-1008
                           (320) 251-1414 (Phone)
                           (320) 251-1415 (Fax)
                           kbayliss@quinlivan.com

Dated: 10/05/2021          GORDON REES SCULLY
                           MANSUKHANI LLP

                           **/s/ Suzanne L. Jones**
                           Suzanne L. Jones,  # 389345
                           Benjamin R. Kinney, # 395769
                           Gordon Rees Scully Mansukhani LLP
                           100 S. 5th Street
                           Suite 1900
                           Minneapolis, MN 55402
                           (612) 364-1742 (Phone)

4

sljones@grsm.com
bkinney@grsm.com

**Attorneys for Defendants**
**Minneapolis Public Housing**
**Authority and Community Housing**
**Resources**

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, a copy of the foregoing document was electronically filed and served to counsel of record via the Court's CM/ECF PACER System and U.S. Mail as follows:

**Attorneys for Plaintiff:**

Anna Prakash, MN Bar No. 0351362
Nicole Schaladt, MN Bar No. 0400234
Nicholas Kaster, PLLP
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Ph:  (612) 256-3200
aprakash@nka.com
nschladt@nka.com

John R. Shoemaker, MN Bar No. 0161561
Paul F. Shoemaker, MN Bar No. 0178226
Shoemaker & Shoemaker, PLLC
5270 W. 84th Street, Suite 410
Bloomington, Minnesota 55437
PH:  (952) 224-4610
john@shoemakerlaw.com
paul@shoemakerlaw.com

Larry McDonough, Esq.
Lawrence McDonough, MN Bar No. 151373
1161 Palace Avenue
Saint Paul, MN 55105
Ph:  (651) 398-8053
Mcdon056@umn.edu

**Attorneys for Defendant City of Minneapolis:**

Assistant City Attorneys
Tracey N. Fussy, MN Bar No. 0311807
Sharda Enslin, MN Bar No. 0389370
City Hall, Room 210

350 South Fifth Street
Minneapolis, MN 55415
Ph:  (612) 673-2254
Tracey.fussy@minneapolismn.gov
Sharda.enslin@minneapolismn.gov

By:    /s/_____

7